IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-122-D

| | |
|---|---|
| MARGARET M. CARMICHAEL, and SUHAMMAD CARMICHAEL, <br><br> Plaintiffs, <br><br> v. <br><br> IRWIN MORTGAGE CORPORATION, et al., <br><br> Defendants. | **ORDER** |

On April 7, 2014, Margaret M. Carmichael and Suhammad Carmichael (collectively "plaintiffs"), proceeding pro se, filed a complaint concerning a foreclosure proceeding in Wake County Superior Court [D.E. 8]. In their complaint, plaintiffs sued Irwin Mortgage Corporation ("IMC"), Wells Fargo Bank, N.A. ("Wells Fargo"), Brock & Scott, PLLC ("Brock & Scott"), John Doe Nos. 1–3, and Federal National Mortgage Corporation ("Fannie Mae"). See id. Plaintiffs allege (1) unjust enrichment; (2) a due process violation; (3) illegal foreclosure; (4) slander of title; (5) illegal acceleration; and (6) fraudulent assignment. See id. Plaintiffs cite numerous federal statutes and regulations to support their complaint and seek $550,000 in compensatory damages, $3.5 million in punitive damages, and injunctive relief. Id.

Defendants Brock & Scott and Fannie Mae filed motions to dismiss [D.E. 16, 20]. See Fed. R. Civ. P. 12(b)(1), (6). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiffs about the motions to dismiss, the consequences of failing to respond, and the response deadline [D.E. 18, 22]. On June 13, 2014, plaintiffs responded in opposition [D.E. 28]. On June 20, 2014, plaintiffs filed a motion for entry of default against Wells

Fargo and IMC [D.E. 29]. On July 7, 2014, Wells Fargo responded in opposition to the motion for entry of default [D.E. 31]. As explained below, the court denies plaintiffs' motion and grants the motions to dismiss of Brock & Scott and Fannie Mae.

I.

Plaintiffs seek damages and injunctive relief for defendants' alleged wrongdoing concerning the North Carolina power of sale foreclosure involving 3832 Old Coach Road, Raleigh, North Carolina. Compl. [D.E. 8] ¶¶ 1–42. Fannie Mae attached the records from the foreclosure proceeding to its memorandum of law in support of its motion to dismiss. See [D.E. 21-1–21-4]. The court takes judicial notice of the foreclosure proceeding. Fed. R. Evid. 201; Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

In 2003, Margaret Carmichael borrowed $129,500 from IWC. See [D.E. 21-1]. The note was secured by a deed of trust. See [D.E. 21-2]. In 2012, Margaret Carmichael defaulted on the note and Wells Fargo, the holder of the note, accelerated the note and declared the balance due. See [D.E. 21-3]. Trustee Service of Carolina, LLC ("TrusteeServices"), as substitute trustee, then initiated foreclosure proceedings. See id. After proper notice, the Wake County Clerk of Court held the foreclosure sale, and Fannie Mae purchased the property in 2013 for $128,400,29. See id.; [D.E. 21-4].

Brock & Scott and Fannie Mae seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George

2

Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). Because plaintiffs assert that this court has subject-matter jurisdiction, they must prove that subject-matter jurisdiction exists. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647.

Plaintiffs are residents of North Carolina and assert that this court has subject-matter jurisdiction based on diversity jurisdiction. See Compl. ¶¶ 1–2, 5–6. Defendant Brock & Scott, however, is a North Carolina citizen. See id. ¶ 6. Thus, complete diversity is lacking with respect to Brock & Scott. Cf. 28 U.S.C. § 1332(a)(1). Nonetheless, the court has subject-matter jurisdiction under 28 U.S.C. § 1331 over plaintiffs' federal claims and has supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiffs' state law claims. Furthermore, plaintiffs failure to cite 28 U.S.C. § 1331 or 28 U.S.C. § 1367 in their complaint does not impact subject-matter jurisdiction. See, e.g., Johnson v. City of Shelby, 135 S. Ct. 346, 347 (2014) (per curiam).

Notwithstanding 28 U.S.C. § 1331, the moving defendants argue that the Rooker-Feldman doctrine bars plaintiffs' federal claims. The Rooker-Feldman doctrine prohibits a "party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983); see Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the

3

issues that were before the state court." Washington, 407 F.3d at 279. Moreover, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Rooker-Feldman doctrine encompasses "not only review of adjudications of the state's highest court, but also the decisions of its lower courts." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000) (quotation omitted). Rooker-Feldman "reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." Id. (quotation omitted). "The doctrine [also] preserves federalism by ensuring respect for the finality of state court judgments." Washington, 407 F.3d at 279.

The Rooker-Feldman doctrine is a "narrow doctrine." Lance v. Dennis, 546 U.S. 459, 464 (2006). The doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005); see Skinner v. Switzer, 131 S. Ct. 1289, 1297 (2011). For the doctrine to apply, the party seeking relief in federal court must be asking the federal court to "'reverse or modify' the state court decree." Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006). Accordingly, the court "examine[s] whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); see Washington, 407 F.3d at 280.

4

Here, at least in part, plaintiffs assert federal claims to challenge the state-court foreclosure judgment against them. Essentially, plaintiffs' complaint concerns Margaret Carmichael's claim that she made payments on her note, but that defendants illegally foreclosed on her property notwithstanding her payments. See Compl. ¶¶ 18–42 & claim for relief. Plaintiffs ask the court to discharge the loan and reinstate them to the property. See id. This court, however, lacks subject-matter jurisdiction to sit in direct review of a North Carolina state foreclosure action. See, e.g., Brown & Root, Inc., 211 F.3d at 199–202; Jordahl v. Democratic Party of Va., 122 F.3d 192, 202–03 (4th Cir. 1997); Pitts v. U.S. Hous. & Urban Dev., No. 5:12-CV-72-D, 2013 WL 214693, at *3 (E.D.N.C. Jan. 18, 2013) (unpublished), aff'd, 546 Fed. App'x 118 (4th Cir. 2013) (per curiam) (unpublished); Adolphe v. Option One Mortg. Corp., No. 3:11-cv-418-RJC, 2012 WL 5873308, at *4 (W.D.N.C. Nov. 20, 2012) (unpublished); Watkins v. Clerk of Super. Ct. for Gaston Cnty., Civil Action No. 3:12-CV-033-RJC-DCK, 2012 WL 5872751, at *5–6 (W.D.N.C. July 10, 2012) (unpublished), report and recommendation adopted, 2012 WL 5872750, at *4–6 (W.D.N.C. Nov. 20, 2012) (unpublished). Thus, the court lacks subject-matter jurisdiction over any federal claim seeking discharge of the loan and reinstatement to the property.

Alternatively, plaintiffs have failed to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not

5

accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

To the extent that plaintiffs assert any claim pursuant to 42 U.S.C. § 1983 and the due process clause of the Fourteenth Amendment, "[t]o state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Filarsky v. Delia, 132 S. Ct. 1657, 1661–62 (2012); Philips, 572 F.3d at 180. Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Negligence claims are generally not actionable under section 1983. See, e.g., Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Pink v. Lester, 52 F.3d 73, 77–78 (4th Cir. 1995). Moreover, section 1983 does not impose liability for violations of duties of care arising under state law. See, e.g., DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 201–02 (1989).

Plaintiffs have failed to plausibly allege how Brock & Scott or Fannie Mae violated the due process clause. Thus, plaintiffs have failed to state a claim upon which relief may be granted, and this claim is dismissed. The same conclusion applies to plaintiffs' citations to various federal statutes and federal regulations on pages two and three of their complaint.[1] Simply put, plaintiffs

---

[1] Plaintiffs cite 15 U.S.C. § 1601, 15 U.S.C. § 1635, 15 U.S.C. § 1638, 12 C.F.R. § 226, 12 U.S.C. § 2610, and Regulation Z.

6

have failed to plausibly allege wrongdoing or injury under federal or state law by Brock & Scott or Fannie Mae. See, e.g., Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. Thus, plaintiffs have failed to state a claim upon which relief can be granted.

Alternatively, the doctrine of claim preclusion bars plaintiffs' claims. See, e.g., Lewis v. Kesterson, No. 7:12-CV-352-BO, 2013 WL 5525663, at *1–2 (E.D.N.C. Oct. 3, 2013) (unpublished); Jones v. HSBC Bank USA, N.A., No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (unpublished); Coleman v. Countrywide Home Loans, Inc., Civil Case No. L-10-2297, 2010 WL 5055788, at *3–4 (D. Md. Dec. 3, 2010) (unpublished); Merrill Lynch Bus. Fin. Servs., Inc. v. Cobb, No. 5:07-CV-129-D, 2008 WL 6155804, at *3 (E.D.N.C. Mar. 18, 2008) (unpublished); Robinson v. U.S. Cas. Co., 260 N.C. 284, 287, 132 S.E.2d 629, 631 (1963); Douglas v. Pennamco, Inc., 75 N.C. App. 644, 646, 331 S.E.2d 298, 300 (1985); Phil Mech. Const. Co. v. Haywood, 72 N.C. App. 318, 320–23, 325 S.E.2d 1, 1–3 (1985). Furthermore, if plaintiffs wanted to enjoin the foreclosure sale, they needed to bring an action in North Carolina Superior Court under N.C. Gen. Stat. § 45-21.34. See, e.g., Cobb, 2008 WL 6155804, at *4; Mosler v. Druid Hills Land Co., 199 N.C. App. 293, 296, 681 S.E.2d 456, 458 (2009); Meehan v. Cable, 127 N.C. App. 336, 339, 489 S.E.2d 440, 443 (1997); In re Watts, 38 N.C. App. 90, 94, 247 S.E.2d 427, 429 (1978). They failed to do so and have failed to meet the standard necessary for injunctive relief in this court. See, e.g., Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006); Adolphe, 2012 WL 2579257, at *2.

Finally, the court denies plaintiffs' motion for entry of default. Plaintiffs have failed to present competent evidence that they served Wells Fargo or IMC in accordance with Rule 4 of the Federal Rules of Civil Procedure. See, e.g., Deo v. N.C. Dep't. of Env. & Natural Res., No. 5:13-CV-323-D, 2014 WL 3738448, at *1 (E.D.N.C. July 29, 2014) (unpublished); Pitts v. O'Geary, No.

7

5:13-CV-116-D, 2014 WL 229350, at *3–4 (E.D.N.C. Jan 21, 2014) (unpublished); cf. [D.E. 35].

II.

In sum, the court GRANTS the motions to dismiss [D.E. 16, 20] of Brock & Scott and Fannie Mae, and DISMISSES plaintiffs' complaint against Brock & Scott and Fannie Mae. The court DENIES plaintiffs' motion [D.E. 29] for entry of default.

SO ORDERED. This **17** day of December 2014.

JAMES C. DEVER III
Chief United States District Judge