IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-122-D

MARGARET M. CARMICHAEL,       )
and SUHAMMAD CARMICHAEL,      )
                              )
              Plaintiffs,     )
                              )
    v.                        )          **ORDER**
                              )
IRWIN MORTGAGE CORPORATION,   )
et al.,                       )
                              )
              Defendants.     )

On April 7, 2014, Margaret M. Carmichael and Suhammad Carmichael (collectively "plaintiffs"), proceeding pro se, filed a complaint concerning a foreclosure proceeding in Wake County Superior Court [D.E. 8]. In their complaint, plaintiffs sued Irwin Mortgage Corporation ("IMC"), Wells Fargo Bank, N.A. ("Wells Fargo"), Brock & Scott, PLLC ("Brock & Scott"), John Doe Nos. 1–3, and Federal National Mortgage Association ("Fannie Mae"). See id. Plaintiffs allege (1) unjust enrichment; (2) a due process violation; (3) illegal foreclosure; (4) slander of title; (5) illegal acceleration; and (6) fraudulent assignment. See id. 1. Plaintiffs cite numerous federal statutes and regulations to support their complaint and seek $550,000 in compensatory damages, $3.5 million in punitive damages, and injunctive relief. Id. 2–3, 9–12.

On December 17, 2014, the court granted the motions to dismiss of defendants Brock & Scott and Fannie Mae. See Carmichael v. Irwin Mort. Corp., No. 5:14-CV-122-D, 2014 WL 7205099, at *1 (E.D.N.C. Dec. 17, 2014) (unpublished). On February 10, 2015, Wells Fargo filed a motion to dismiss [D.E. 39] and a supporting memorandum [D.E. 40]. See Fed. R. Civ. P. 12(b)(1), (6). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified

plaintiffs about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 41]. On April 8, 2015, plaintiffs responded in opposition [D.E. 49]. As explained below, the court grants Wells Fargo's motion to dismiss.

I.

Plaintiffs seek damages and injunctive relief for Wells Fargo's alleged wrongdoing concerning the North Carolina power of sale foreclosure involving 3832 Old Coach Road, Raleigh, North Carolina. Compl. [D.E. 8] ¶¶ 1–42. Fannie Mae attached the records from the foreclosure proceeding to its memorandum of law in support of its motion to dismiss. See [D.E. 21-1–21-4]. The court takes judicial notice of the foreclosure proceeding. Fed. R. Evid. 201; Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004); Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989).

In 2003, Margaret M. Carmichael borrowed $129,500 from IWC. See [D.E. 21-1]. The note was secured by a deed of trust. See [D.E. 21-2]. In 2012, Margaret Carmichael defaulted on the note and Wells Fargo, the holder of the note, sought to foreclose on the property. See [D.E. 21-3]. Trustee Service of Carolina, LLC ("TrusteeServices"), as substitute trustee, initiated the foreclosure proceedings. See id. After proper notice, the Wake County Clerk of Court held the foreclosure sale, and Fannie Mae purchased the property in 2013 for $128,400,29. See id.; [D.E. 21-4].

Wells Fargo seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc.,

2

669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). Because plaintiffs assert that this court has subject-matter jurisdiction, they must prove that subject-matter jurisdiction exists. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647.

The court has subject-matter jurisdiction over plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Furthermore, plaintiffs' failure to cite 28 U.S.C. § 1331 or 28 U.S.C. § 1367 in their complaint does not impact subject-matter jurisdiction. See, e.g., Johnson v. City of Shelby, 135 S. Ct. 346, 347 (2014) (per curiam).

Notwithstanding 28 U.S.C. § 1331, Wells Fargo argues that the Rooker-Feldman doctrine bars plaintiffs' federal claims. The Rooker-Feldman doctrine prohibits a "party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); see Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." Washington, 407 F.3d at 279. Moreover, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is

3

therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Rooker-Feldman doctrine encompasses "not only review of adjudications of the state's highest court, but also the decisions of its lower courts." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000) (quotation omitted). Rooker-Feldman "reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." Id. (quotation omitted). "The doctrine [also] preserves federalism by ensuring respect for the finality of state court judgments." Washington, 407 F.3d at 279.

The Rooker-Feldman doctrine is a "narrow doctrine." Lance v. Dennis, 546 U.S. 459, 464 (2006). The doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005); see Skinner v. Switzer, 131 S.Ct. 1289, 1297 (2011). For the doctrine to apply, the party seeking relief in federal court must be asking the federal court to "reverse or modify the state court decree." Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (quotation omitted). Accordingly, the court "examine[s] whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); see Washington, 407 F.3d at 280.

Here, at least in part, plaintiffs assert federal claims to challenge the state-court foreclosure judgment against them. Essentially, plaintiffs' complaint concerns Margaret Carmichael's claim that she made payments on her note, but that defendants illegally foreclosed on her property

4

notwithstanding her payments. See Compl. ¶¶ 18–42 & claim for relief. Plaintiffs ask the court to discharge the loan and reinstate them to the property. See id. This court, however, lacks subject-matter jurisdiction to sit in direct review of a North Carolina state foreclosure action. See, e.g., Brown & Root, Inc., 211 F.3d at 199–202; Jordahl v. Democratic Party of Va., 122 F.3d 192, 202–03 (4th Cir. 1997); Carmichael, 2014 WL 7205099, at *2–3; Pitts v. U.S. Hous. & Urban Dev., No. 5:12-CV-72-D, 2013 WL 214693, at *3 (E.D.N.C. Jan. 18, 2013) (unpublished), aff'd, 546 F. App'x 118 (4th Cir. 2013) (per curiam) (unpublished); Adolphe v. Option One Mortg. Corp., No. 3:11-CV-418-RJC, 2012 WL 5873308, at *4 (W.D.N.C. Nov. 20, 2012) (unpublished); Watkins v. Clerk of Superior Court for Gaston Cnty., No. 3:12-CV-033-RJC-DCK, 2012 WL 5872751, at *5–6 (W.D.N.C. July 10, 2012) (unpublished), report and recommendation adopted, 2012 WL 5872750, at *4–6 (W.D.N.C. Nov. 20, 2012) (unpublished). Thus, the court lacks subject-matter jurisdiction over any federal claim seeking discharge of the loan and reinstatement to the property.

In opposition to this conclusion concerning the Rooker-Feldman doctrine, plaintiffs argue that the state-court foreclosure judgment was procured through fraud. See [D.E. 49] 2. Plaintiffs, however, do not plausibly allege fraud. Thus, the court rejects the argument.

Alternatively, plaintiffs have failed to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not

5

accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

To the extent that plaintiffs assert any claim against Wells Fargo pursuant to 42 U.S.C. § 1983 and the due process clause of the Fourteenth Amendment, the claim fails. See Carmichael, 2014 WL 7205099, at *3–4. The same conclusion applies to plaintiffs' citations to various federal statutes and federal regulations on pages two and three of their complaint.[1] Simply put, plaintiffs have failed to plausibly allege wrongdoing or injury under federal law by Wells Fargo. See, e.g., Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570; Carmichael, 2014 WL 7205099, at *4. Thus, plaintiffs have failed to state a federal claim upon which relief can be granted. Because plaintiffs have failed to plausibly allege a federal claim, the court declines to exercise supplemental justification over any state-law claims. See 28 U.S.C. § 1367(c)(3); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).

Alternatively, the doctrine of claim preclusion bars plaintiffs' claims. See, e.g., Allen v. McCurry, 449 U.S. 90, 94–95 (1980); Carmichael, 2014 WL 7205099, at *4; Lewis v. Kesterson, No. 7:12-CV-352-BO, 2013 WL 5525663, at *1–2 (E.D.N.C. Oct. 3, 2013) (unpublished); Jones v. HSBC Bank USA, N.A., No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (unpublished); Coleman v. Countrywide Home Loans, Inc., Civil Case No. L-10-2297, 2010 WL 5055788, at *3–4 (D. Md. Dec. 3, 2010) (unpublished); Merrill Lynch Bus. Fin. Servs., Inc. v. Cobb,

---

[1] Plaintiffs cite 15 U.S.C. § 1601, 15 U.S.C. § 1635, 15 U.S.C. § 1638, 12 C.F.R. § 226, 12 U.S.C. § 2610, and Regulation Z.

6

No. 5:07-CV-129-D, 2008 WL 6155804, at *3 (E.D.N.C. Mar. 18, 2008) (unpublished); Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 429–35, 349 S.E.2d 552, 557–60 (1986); Douglas v. Pennamco, Inc., 75 N.C. App. 644, 646, 331 S.E.2d 298, 300 (1985); Phil Mech. Constr. Co. v. Haywood, 72 N.C. App. 318, 320–22, 325 S.E.2d 1, 1–3 (1985). Furthermore, if plaintiffs wanted to enjoin the foreclosure sale, they needed to bring an action in North Carolina Superior Court under N.C. Gen. Stat. § 45-21.34. See, e.g., Carmichael, 2014 WL 7205099, at *4; Cobb, 2008 WL 6155804, at *4; Mosler v. Druid Hills Land Co., 199 N.C. App. 293, 296, 681 S.E.2d 456, 458 (2009); Meehan v. Cable, 127 N.C. App. 336, 338–39, 489 S.E.2d 440, 442–43 (1997); In re Watts, 38 N.C. App. 90, 94, 247 S.E.2d 427, 429 (1978). They failed to do so and have failed to meet the standard necessary for injunctive relief in this court. See, e.g., Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Carmichael, 2014 WL 7205099, at *4; Adolphe, 2012 WL 2579257, at *2.

## II.

In sum, the court GRANTS the motions to dismiss [D.E. 39] of Wells Fargo and DISMISSES plaintiffs' complaint against Wells Fargo.

SO ORDERED. This **20** day of May 2015.

JAMES C. DEVER III
Chief United States District Judge

7